# T. F. STROUD
## v.
# MICHAEL MULCAHY.

*Contracts.*

In an action brought by a sub-contractor to recover for digging a ditch, it appearing that the work was not completed, a recovery being had for a sum much less than the price agreed upon, the defendant contending that the contract sued on being special, there could be no recovery on the common counts for the performance of a portion of the work only; and that to entitle the plaintiff to recover on a *quantum meruit* it was necessary to declare specially, this court declines to consider the point, it being raised herein for the first time, and holds that the affidavits filed in support of a motion for a new trial showing that one of the jurors was asleep during a portion of the trial and certain newly discovered testimony were not sufficient of themselves to warrant the court in setting aside the verdict.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Livingston County; the Hon. C. R. STARR, Judge, presiding.

Stroud v. Mulcahy.

Mr. A. C. Ball, for appellant.

Mr. B. F. Jones, for appellee.

*Per Curiam.*   This was an action of assumpsit by appellee to recover for digging a ditch for appellant. The work was done under a sub-contract taken from appellant who had contracted to construct certain ditches for the city of Pontiac.

The declaration contained only the common counts. Upon the trial appellee introduced a written contract whereby it was agreed that he should construct a ditch of certain depth and width 8,000 feet long, for which appellant was to pay him $500. He testified that he completed the ditch according to contract in August, 1886. Appellant denied that appellee completed the ditch and showed by himself and other witnesses that he was compelled to do a great part of the work himself. There was a recovery for $100.

The chief point of contention made by appellant is that the contract sued on being special, there could be no recovery on the common counts for the performance of a portion of the work only; that to entitle the plaintiff to a recovery on a *quantum meruit* it was necessary to declare specially. So far as the record discloses, this point is made for the first time here. Ample opportunity was afforded appellant to have this well settled rule of law presented to the jury in the form of an instruction.

We are disposed, therefore, to allow the judgment to stand, especially in view of the testimony of appellee that he completed the ditch in August, 1886.

The affidavits filed in support of the motion for a new trial showing that one of the jurors was asleep during a portion of the trial, and showing newly discovered testimony, were not sufficient of themselves to warrant the court in setting aside the verdict.

*Judgment affirmed.*